IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE L. *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No.: 10 C 7819 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| BOARD OF EDUCATION OF THE CITY ) | |
| OF CHICAGO, DISTRICT 299, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

### Background

This suit was brought under 42 U.S.C. § 1983 against the Illinois and Chicago boards of education and Christopher Koch, in his official capacity as Superintendent of the Illinois State Board of Education, by the mother of a ten-year old child with serious learning disabilities. The mother, "Dominique L.," sought enforcement of a state board of education hearing officer's favorable decision concerning her son's special educational needs under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.,* and attorney's fees. After a five-day due process hearing and consideration of independent educational evaluations, the state hearing officer had ordered a variety of specific special educational services; he instructed the Chicago board to formulate an individual education plan ("IEP") implementing these services, as well as the recommendations of independent educational evaluators. Allegedly, the Chicago board failed to formulate an IEP conforming to all the specific relief ordered by the state hearing officer.

Mootness of Injunctive Relief

Count I of the amended complaint sought an injunction requiring the Chicago board to comply with the state hearing officer's order. Defendants moved to dismiss this case on grounds that § 1983 could not be used to enforce the state hearing officer's order, while Dominique L. moved for a preliminary injunction requiring the Chicago board to adopt an IEP that implemented the state hearing officer's order.

The court granted the motion to dismiss only with respect to defendant Illinois State Board of Education. The argument that § 1983 could not be used to enforce Dominique L.'s favorable final IDEA remedial order by a state hearing officer was rejected. Memorandum Opinion and Order issued February 25, 2011 at 4-6 [45]. Dominique L.'s motion for a preliminary injunction was granted; the court expressly found it had authority under § 1983 to enjoin compliance with the hearing officer's favorable final decision. Id. at 7. The preliminary injunction identified the educational services that the Chicago board was ordered to provide in an amended IEP. Preliminary Injunction issued March 8, 2011, ¶ 2(a-g) [51].

The Chicago board complied with the preliminary injunction by amending the child's IEP to incorporate the specific relief Dominique L. sought.[1] A comprehensive 54-page revised IEP was issued on May 11, 2011; Dominique L. and her attorney were participants in three conferences to revise the IEP. Pl. Rule 56.1(a)(3) Statement, Ex. AN. Koch settled with Dominique L.; Count II implicating only state defendants was dismissed [100]. The Chicago board did not agree to the settlement - and, indeed, objected to dismissal of the state co-

---

[1] The preliminary injunction excluded two requests for relief (consultative services and a school records search); Dominique L. has withdrawn these requests.

defendants unless the state agreed to share in the payment of any attorney's fees awarded to plaintiffs [82]. The court referred this case to a magistrate judge to conduct a settlement conference [60]. The magistrate judge's diligent efforts were unsuccessful [76, 77].

Dominique L. suggests Count 1 is moot because all the relief she sought in an injunction has been afforded in the revised IEP. The Chicago board responds with the remarkable argument that Count I is not moot: if the court dismisses Count I, impliedly vacating the preliminary injunction, the Chicago board may revoke some of the revised IEP provisions required by the injunction. The Chicago board assumes that it can perpetuate this litigation indefinitely by simply threatening to change the IEP again if the preliminary injunction is vacated. The argument is unpersuasive.

The injunctive relief Dominique L. sought in Count I was satisfied when the Chicago board issued the revised IEP on May 11, 2011. There no longer is a justiciable, live controversy between the parties, as required by Article III, § 2 of the Constitution. A claim is moot when a court's decision will no longer affect the rights of the litigants and simply would be "an opinion advising what the law would be upon a hypothetical state of facts." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). *See also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 598 (7th Cir. 2006) (IDEA claim for injunctive relief became moot when the child received a new IEP from a different school district). Nor does the Chicago board's statement that if the preliminary injunction is vacated, it will reconsider some of the revised IEP provisions added in accordance with the preliminary injunction keep the claim alive. It is true that mootness might not apply if there is a reasonable expectation that in the future, the Chicago board will again subject the child to an IEP that denies him a free appropriate education under IDEA. *Brown*, 442

F.3d at 599. However, the complexities of the revised IEP and the child's many problems and needs present an evolving educational challenge that requires that his IEP be periodically reviewed and updated. IDEA contemplates a continuing, cooperative legal relationship between parents of a disabled child and school administrators that should avoid the litigiousness reflected in this case. Future disputes arising from changes to the IEP are subject to the exhaustion of administrative remedies required by IDEA, and are not subsumed in this case. *Brown v. Dist. 299 - Chi. Pub. Schs.*, No. 09 C 4316, 2010 U.S. Dist. LEXIS 136942 (N.D. Ill. Dec. 27, 2010) (Conlon, J).

### Mootness of Count I Summary Judgment Cross-Motions

Because there is no longer a justiciable, live controversy with respect to Count I, the court lacks jurisdiction to consider the merits of the parties' cross-motions for summary judgment on that claim for injunctive relief. U.S. Const., Art. III, § 2. A ruling on the merits of the Count I summary judgment cross-motions would be an advisory opinion.

### IDEA Attorneys' Fees

Dominique L. moves for summary judgment on Count III, requesting $69,365.51 in attorney's fees under IDEA for legal services associated with the state due process hearing. The court has discretion to award reasonable attorneys' fees to a prevailing party who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(1). Dominique L. was clearly the prevailing party after the five-day due process hearing. The Chicago board's existing IEP was found deficient in providing her disabled child with a free and appropriate public education. Pl. Facts, Ex. A-1. The relief she requested was substantially granted, and significant professional time and resources were devoted to the proceedings before the hearing officer.

4

The material facts supporting the fee petition are undisputed. The Chicago board does not challenge the interim request for $57,428.86. *See* Pl. Facts, Ex/ B-1 through B-15 (8/13/10 letter attaching itemized fees and expenses). Nor are there objections to Michael O'Connor's $380 hourly rate or Peter Godina's $110 rate. The time they spent and their rates are reasonable.

The Chicago board objects to the supplemental petition for $11,936.65. *See* Pl. Facts, Ex.C-1 through C-7 (11/3/10 letter itemizing fees and expenses). According to the Chicago board, fees for monitoring and implementing the hearing officer's decision were not reasonable and necessary. No authority is cited to support the proposition that follow up work to implement a complex administrative order is reasonable or unnecessary. The post-hearing issues addressed by counsel concerned the adequacy of the school where the child would be placed, meetings with school officials about the child's needs and problems, and monitoring compliance with the hearing officer's requirements for a fair and appropriate public education. Given the serious issues involved, the services and expenditures set forth in the supplemental petition were reasonable and necessary to meet the child's special education needs and his rights under IDEA.

The Chicago board failed to respond to either the August 13, 2010 or the November 3, 2010 fee requests. As a result, Dominique had to seek relief in this court. The Chicago board has not objected to prejudgment interest. Because of the delay in recovery, prejudgment interest is imposed at the 2010 prime rate of 3.25%, accruing from the dates the fee petitions were submitted to Susan O'Keefe of the Board of Education for the City of Chicago, until the date this order is issued.

Dominique L.'s request for attorneys' fees in this case is premature; she must comply with Local Rule 54.3.

5

## Conclusion

Count I is dismissed as moot. The preliminary injunction issued on March 8, 2011 is vacated. The parties' cross-motions for summary judgment on Count 1 are also moot. Dominique L.'s summary judgment motion on Count III is granted. Attorneys' fees and expenses are awarded in the amount of $69,365.51, plus prejudgment interest.

ENTER:

October 25, 2011

Suzanne B. Conlon
United States District Judge